1  WO

2

3

4

5

6

7              IN THE UNITED STATES DISTRICT COURT

8                  FOR THE DISTRICT OF ARIZONA

9

10

11

12  Andy H. Nguyen, an unmarried  )
    man                          )
13                               )
                  Plaintiff,     )    No. CIV06-2541-PHX RCB
14                               )
             vs.                 )       O R D E R
15                               )
    Hartford Casualty Insurance, )
16  Company, a Connecticut       )
    corporation                  )
17                               )
                  Defendant.     )
18  _____)

19      Currently pending before the court is a motion by plaintiff,

20  Andy H. Nguyen, to remand this action to the Superior Court of

21  Arizona in Maricopa County pursuant to 28 U.S.C. § 1447(c) (doc.

22  9).  After carefully considering that motion, the response by

23  defendant Hartford Casualty Insurance Company ("Hartford") (doc.

24  13), and plaintiff's reply(doc. 14), and having determined that

25  oral argument is not necessary, the court rules as follows.

26                          ***Background***

27      Plaintiff filed his complaint in Arizona state court on

28  approximately September 25, 2006, alleging that Hartford improperly

1  denied a property damage claim arising out of burglary and

2  vandalism to a nail salon which he formerly owned.  Plaintiff

3  asserts two state law causes of action: (1) breach of the duty of

4  good faith and fair dealing and (2) breach of contract.  See Doc. 1

5  (Not. of Removal), exh. A thereto.  Plaintiff is seeking "general

6  damages," as well as damages for emotional distress, "other

7  consequential damages," attorneys' fees pursuant to A.R.S. § 12-

8  341.01 and costs, as well as punitive damages.  Id., exh. A thereto

9  at 4, ¶¶ 15-17.  Nowhere in his complaint does plaintiff specify

10 the amount of damages which he is seeking, however.  In his reply,

11 plaintiff notes that "[i]t appears that the actual amount of *unpaid*

12 benefits under the policy is only $15,635.01."  Reply (doc. 14) at

13 4.

14      On October 24, 2006, Hartford timely filed its Notice of

15 Removal pursuant to 28 U.S.C. § 1446(b).[1]  The federal removal

16 statute allows for removal of, among other actions, "any civil

17 action brought in a State court of which the district courts of the

18 United States have original jurisdiction[.]" 28 U.S.C. § 1441(a).

19 Hartford contends that removal jurisdiction is proper because this

20 court has original jurisdiction over the present action under 28

21 U.S.C. § 1332.  That statute provides in relevant part that

22 "district courts *shall* have original jurisdiction of all civil

23 actions where the matter in controversy exceeds the sum or value of

24 $75,000, exclusive of interest and costs, and is between . . .

25 citizens of different States[.]" 28 U.S.C. § 13321(a)(1) (emphasis

26 added).  Hartford reasons that diversity of citizenship exists here

27 _____

28      [1]    The basic time period for removal under section 1446(b) is 30 days.

because "[p]laintiff is an Arizona citizen and . . . Hartford . . . is an Indiana corporation with its principal place of business in Connecticut."  Doc. 1 at 1, ¶ 1. Further, according to Hartford's Notice of Removal, the amount in controversy "exceed[s] the sum or value of $75,000, exclusive of interest and costs."[2]  Id.

Shortly after Hartford's removal, plaintiff timely filed this remand motion.  Plaintiff contends that remand is required because Hartford did not meet its burden of showing that the amount in controversy exceeds $75,000.00.  Plaintiff's argument is well-taken.

### *Discussion*

### *I.  Legal Standards*

As noted above, "[u]nder 28 U.S.C. § 1441(a), the district courts have removal jurisdiction over any claim that could have been brought in federal court originally."  Hall v. North American Van Lines, Inc., 476 F.3d 683, 686-87 (9th Cir. 2007).  By the same token though, "[f]ederal courts are courts of limited jurisdiction."  Vacek v. U.S. Postal Service, 447 F.3d 1248, 1250 (9th Cir. 2006) (internal quotation marks and citation omitted), cert. denied, 127 S.Ct. 2122 (2007).  Thus, "[i]f *at any time before final judgment it appears that the district court lacks subject matter jurisdiction*, the case *shall* be *remanded*."  28 U.S.C. § 1447(c) (emphasis added).

"The removal statute is strictly construed against removal

---

[2]    Hartford also claims that this court has jurisdiction pursuant to 28 U.S.C. § 1446.  See Doc. 1 at 1, ¶ 1.  Section 1446 is not a jurisdiction statute, however.  Rather that statute governs the "[p]rocedure for removal[.]" 28 U.S.C. § 1446.  Plainly then, Hartford's reliance upon section 1446 as a jurisdictional basis is misplaced.

1   jurisdiction."   Sullivan v. BNSF Railway Company, 447 F.Supp.2d

2   1091, 1096 (D. Ariz. 2006) (citing, *inter alia*, Shamrock Oil & Gas

3   Corp. v. Sheets, 313 U.S. 100, 108-08 (1941)); see also Gaus v.

4   Miles, Inc., 980 F.2d 565, 566 (9th Cir. 1992) (internal quotation

5   marks and citations omitted) (There is a "strong presumption

6   against removal jurisdiction[.]") In light of that "strong

7   presumption," the Ninth Circuit has unequivocally stated that

8   "[f]ederal jurisdiction *must be rejected* if there is *any doubt* as

9   to the right of removal in the first instance." Gaus, 980 F.2d at

10  566 (citation omitted) (emphasis added).  In part this is because

11  of the distinction between original and removal jurisdiction "where

12  the amount of controversy is in doubt[.]" Id.  In the latter

13  situation, "[b]ecause the plaintiff instituted the case in state

14  court '[t]here is a strong presumption that the plaintiff has not

15  claimed a large amount in order to confer jurisdiction on a federal

16  court or that the parties have colluded to that end.'" Singer v.

17  State Farm Mutual Automobile Insurance Co., 116 F.3d 373, 375 (9th

18  Cir. 1997) (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303

19  U.S. 283, 290, 58 S.Ct. 586, 591, 82 L.Ed.2d 845 (1938)).

20      Consistent with the foregoing, there is "a longstanding, near-

21  canonical rule that the burden on removal rests with the removing

22  defendant." Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676,

23  684 (9th Cir. 2006) (citation omitted).  "More generally, [i]t is

24  to be presumed that a cause lies outside [the] limited jurisdiction

25  [of the federal courts] and the burden of establishing the contrary

26  rests upon the party asserting jurisdiction." Id. (internal

27  quotation marks and citations omitted).  As the foregoing

28  demonstrates, Hartford, as the removing defendant and the party

1   asserting jurisdiction, has a high hurdle to clear on this remand

2   motion.

3       There is no dispute that diversity of citizenship exists in

4   the present case.  Plaintiff concedes as much.  <u>See</u> Resp. (doc. 13)

5   at 2.  Rather, the sole issue which this motion presents is whether

6   Hartford has met its burden of establishing that the amount in

7   controversy exceeds $75,000.00 -- the minimum jurisdictional amount

8   for a diversity action.  <u>See</u> <u>Abrego</u>, 443 F.3d at 682-83 (quoting

9   <u>Gaus</u>, 980 F.2d at 566) ("[T]he removing defendant has 'always'

10   borne the burden of establishing federal jurisdiction, including

11   any applicable amount in controversy requirement.") A defendant can

12   meet this burden "if the plaintiff claims a sum greater than the

13   jurisdictional requirement." <u>Gaus</u>, 980 F.2d at 566 (citing <u>Red</u>

14   <u>Cab</u>, 303 U.S. at  288-90, 58 S.Ct. at 590-01).  In <u>Abrego</u> the Ninth

15   Circuit reiterated, however, that "[w]here the complaint does not

16   specify the amount of damages sought, the removing defendant must

17   prove by a preponderance of the evidence that the amount in

18   controversy requirement has been met." <u>Id.</u> at 683 citing, <u>Gaus</u>,

19   980 F.2d at 566-67).

20       The "appropriate procedure" for satisfying this burden is for

21   the district court to "consider whether it is facially apparent

22   from the complaint that the jurisdictional amount is in

23   controversy." <u>Id.</u> at 690 (internal quotation marks and citations

24   omitted).  If it is not "facially apparent" that the amount in

25   controversy requirement has been met, "the court may consider facts

26   in the removal petition, and may require parties to submit summary-

27   judgment-type evidence relevant to the amount in controversy at the

28   time of removal." <u>Id.</u> (internal quotation marks and citations

1  omitted).

2      In accordance with the foregoing, because plaintiff Nguyen's

3  complaint is silent as to the amount in controversy, the court must

4  look to Hartford' Notice of Removal.  In that Notice Hartford

5  "alleges[:] . . . This Court has jurisdiction pursuant to 28 U.S.C.

6  § 1332, 1441 and 1446 as this action involves diversity of

7  citizenship and an amount exceeding the sum or value of $75,000,

8  exclusive of interest and costs."  Doc. 1 at 1, ¶ 1.  That is the

9  only reference in the Removal Notice as to the amount in

10  controversy.  Hartford did not cite to any facts or evidence in its

11  Notice to support this conclusory allegation.  As the Ninth Circuit

12  has made clear on more than one occasion, however, "such

13  allegations, 'although attempting to recite some 'magical

14  incantation,' neither overcome[] the 'strong presumption' against

15  removal jurisdiction nor satisf[y] [defendant's] burden of setting

16  forth, in the removal petition itself the *underlying facts*

17  supporting its assertion that the amount in controversy exceeds'

18  $75,000."  <u>Abrego</u>, 443 F.3d at 689 (quoting <u>Gaus</u>, 980 F.2d at 567)

19  (other citation omitted) (emphasis in original).  Thus, the wholly

20  unsubstantiated allegation in Hartford's Removal Notice that the

21  jurisdictional amount is satisfied here falls far short of meeting

22  its heavy burden as the removing defendant.  As discussed below,

23  Hartford has failed to meet its burden even taking into account the

24  fact that plaintiff is also seeking punitive damages.

25          **1.  *Punitive Damages***

26      Clearly "[p]unitive damages may . . . be included in

27  determining the amount in controversy if they are recoverable under

28  the applicable law."  <u>Burk v. Medical Savings Insurance Co.</u>, 348

1    F.Supp.2d 1063, 1069 (D. Ariz. 2004) (citing, *inter alia*, Bell v.
2    Preferred Life Assurance Soc'y, 320 U.S. 238, 240, 64 S.Ct. 5, 88
3    L.Ed. 15 (1943)).  Hartford accurately notes that plaintiff is
4    seeking punitive damages, which are recoverable under Arizona law
5    in bad faith insurance cases.  See id. (citing Filasky v. Preferred
6    Risk Mut. Ins. Co., 152 Ariz. 591, 598, 734 P.2d 76, 83 (1987)).
7    What Hartford fails to take into account, however, is that "the
8    mere possibility of a punitive damages award is insufficient to
9    prove that the amount in controversy requirement has been met."
10   Id. (citation omitted).  Yet a "mere possibility" is all which
11   Hartford offers.  Hartford has not, for example, "present[ed]
12   evidence that punitive damages will more likely than not exceed the
13   amount needed to increase the amount in controversy to $75,000."
14   See id. (citation omitted).  Similarly Hartford has not proffered
15   any evidence of the likelihood of plaintiff Nguyen recovering
16   punitive damages based upon "evidence of jury verdicts in analogous
17   cases."  See id.

18       Instead, in its Response Hartford makes the bald assertion
19   that "[t]here is not a single reported Arizona case in the last 15
20   years in which a punitive damage award did not exceed $75,000.00."
21   Resp. (doc. 13) at 2.  Defense counsel made this *exact* same
22   unsupported argument in Burk.  348 F.Supp.2d at 1069 (quoting doc.
23   #11 at 5) (Defendant "provides no evidence of the likely punitive
24   damages in this case but states in its brief, 'there is not a
25   single reported Arizona case decided in the last 15 years in which
26   punitive damages did not exceed $75,000.'").  After a cogent
27   discussion of the relevant law in Burk, Judge Wake rejected this
28   defense argument:

1
2
3
4
5
6
7

Defendant not only failed to compare the facts of Plaintiff's case with the facts of other cases where punitive damages have been awarded in excess of the jurisdictional amount, it failed even to cite any such cases.  In summary, Defendant has established only that Plaintiffs seek punitive damages and that such damages are available as a matter of law.  This is insufficient to establish that it is more likely than not that a potential punitive damage award will increase the amount in controversy above $75,000.

8   Burk, 348 F.Supp.2d at 1070 (citations omitted).  Adopting this

9   reasoning, more recently Judge Teilborg also rejected this

10  argument, which, as in the present case, was made by the same

11  defense counsel on behalf of Hartford.  See Bruemmer v. Hartford

12  Accident and Indmenity Co., 2007 WL 1063164, at *3 (D.Ariz. April

13  6, 2007).

14      There is no basis for departing from the sound reasoning of

15  the Burk court; and certainly Hartford has not given the court any

16  reason to contemplate such a departure.  Thus the court finds that

17  although plaintiff, as he is entitled to do, is seeking an

18  unspecified amount of punitive damages in his complaint, that "is

19  insufficient to establish that it is more likely than not a

20  potential punitive damage award will increase the amount in

21  controversy above $75,000."  See Burk, 348 F.Supp.2d at 1070

22  (citations omitted).  Accordingly, even with the punitive damage

23  claim, Hartford has not met its burden of proving by a

24  preponderance of the evidence that the amount in controversy

25  exceeds $75,000.00.

26  . . .

27

28

1      ***2.  Request for Stipulation***

2      As is evidently customary for defense counsel's firm,[3]

3  Hartford is demanding that plaintiff "stipulate that the amount of

4  damages do not meet the amount in controversy requirement necessary

5  for federal diversity jurisdiction." Resp. (doc. 13 at 3); and

6  exh. 1 thereto (proposed stip.). The court will not "require"

7  plaintiff to so stipulate. <u>See</u> <u>id.</u> Once again, the court agrees

8  with Judges Wake and Teilborg: Because "[t]he burden is on

9  Defendant to prove the amount in controversy[,]" . . . Plaintiff[]

10  [is] not required to stipulate to a limitation of [his] damages."

11  <u>Burk</u>, 348 F.Supp.2d at 1070 (citation omitted); and <u>Bruemmer</u>, 2007

12  WL 1063164, at *4 (citations omitted). Stated somewhat

13  differently, plaintiff "need not stipulate to limit [his] future

14  remedies" as a *quid pro quo* "to preventing Defendant's removal to

15  federal court." <u>See</u> <u>id.</u> (citation omitted). Moreover,

16  "[p]laintiff's refusal to stipulate that h[is] claims do not exceed

17  $75,000.00, standing alone, does not assist [Hartford] in its

18  burden of proof on the jurisdictional issue." <u>Haller</u>, 2006 WL

19  1182016, at *2 (citing <u>Williams v. Best Buy Company, Inc.</u>, 269 F.3d

20  1316, 1320 (11th Cir. 2001)).

21                       ***Conclusion***

22      In summary, Hartford, as the removing defendant did not meet

23  its burden of proving by a preponderance of the evidence that the

24  amount in controversy here exceeds $75,000.00. Accordingly,

25  because this court lacks subject matter jurisdiction over this

26  _____

27         [3]    Attorney Myles himself made this demand in <u>Burke</u>, 348 F.Supp. at 1070;
and his firm, also representing Hartford, requested the same stipulation in
28  <u>Bruemmer</u>, <u>supra</u>, and again in <u>Haller v. Hartford Fire Insurance Co.</u>, 2006 WL
1182016, at *2 (D.Ariz. April 28, 2006).

1  action, remand is necessary.  Further, plaintiff has no obligation

2  bo stipulate to the amount of his damages.

3        IT IS ORDERED that this case shall be remanded (doc. # 9) to

4  the Superior Court of Arizona in Maricopa County.

5        DATED this 27th day of July, 2007.

6

7

8  _____

9        Robert C. Broomfield
         Senior United States District Judge

10

11

12

13

14  Copies to all counsel of record

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 10 -